IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CR-57-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

On June 23, 2009, pursuant to a written plea agreement [D.E. 30], Michael Thompson ("Thompson") pleaded guilty to distributing more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("count three") and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) ("count five"). See [D.E. 30]. On June 23, 2010, the court held Thompson's sentencing hearing. See Sentencing Tr. [D.E. 83]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR"). See Sentencing Tr. 4–7; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Thompson's total offense level to be 33, his criminal history category to be II, and his advisory guideline range to be 151–188 months on count three, and 60 months consecutive on count five. See Sentencing Tr. 7–9. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's motion for a downward departure. See id. 9–11. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thompson to 84 months' imprisonment on count three, and 60 months' imprisonment on count five, to be served consecutively. See [D.E. 50]; Sentencing Tr. 25–29. Thus, Thompson's total sentence was 144 months' imprisonment. See id. Thompson did not appeal.

On April 8, 2015, Thompson filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 92].

On September 2, 2015, Thompson filed a memorandum in support. See [D.E. 96]. Thompson's new advisory guideline range is 78 to 97 months' imprisonment on count three. See Resentencing Report. Thompson seeks a 44-month sentence on count three. See [D.E. 96] 5–8. On September 9, 2015, the government responded in opposition to Thompson's motion. See [D.E. 98].

The court has discretion to reduce Thompson's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Thompson's sentence, the court finds that Thompson engaged in serious and prolonged criminal conduct concerning crack cocaine, cocaine, and marijuana. See PSR ¶¶ 8–9. Furthermore, Thompson possessed a firearm in furtherance of his drug trafficking. See id. Moreover, Thompson created a substantial risk of bodily injury to a law enforcement officer and assaulted an officer during the course of the offense or immediate flight therefrom. See id. ¶ 46. Additionally, while incarcerated, Thompson was sanctioned for phone abuse. See [D.E. 96-1] 3. Nonetheless, while incarcerated, Thompson has engaged in some positive behavior. See [D.E. 96] 5–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Thompson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Thompson's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thompson's serious criminal conduct does not support reducing Thompson's sentence. Thus, the court denies

2

Thompson's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Thompson's motion for reduction of sentence [D.E. 92] is DENIED.

SO ORDERED. This 29 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

3